STATE *vs.* EBENEZER S. COE.

STATE *vs.* LEWIS SIMPSON.

Penobscot.    Opinion July 30, 1881.

*Indictment. Special stat. 1868, c. 448.*

The lessees of mills in possession and control, and operating them, cannot be held to be "in the employ" of the owner and lessor within the meaning of special stat. 1868, c. 448. Nor can the agent of the owner and lessor be held as the "owner" or "occupant" of the mills within the meaning of that statute.

ON REPORT.

Indictment under special stat. 1868, c. 448, entitled "an act to prevent throwing slabs and other refuse into Penobscot river."

The facts are stated in the opinion.

By the terms of the report, by consent of parties, if both or either of the respondents are liable, they were to plead *nolo contendere;* if not liable, the indictments to be dismissed.

*B. H. Mace*, county attorney, for the State.

It is admitted that the object of the statute — the keeping of refuse from the river — is a proper subject of legislation. The statute will not be declared unconstitutional. *Dartmouth College* v. *Woodward*, 1 N. H. 114.

It is a settled principle of law that the owner of tenements after leasing them, still has control under certain circumstances. *Bonnett* v. *Sadler*, 14 Vesey, 526; *Atkins* v. *Chilson, et al.* 7 Met. 404.

Houses which are taken by another who is not the owner, and converted by him into a public nuisance, may be abated. *Lord Mayor of London* v. *Bolt*, 5 Vesey, 129.

Here the milder course is pursued. The mills are left to the owner and he is merely subjected to a fine.

The leases which this respondent gave, show that his attention was called to these acts of the legislature, and he attempted to have them partially complied with. By the leases, however, he knowingly permitted his tenants to throw into the river a "sort" of refuse known as "sawdust." By giving such leases and appointing Simpson to have the general oversight and to see among other things that the covenants in the leases were performed, and to collect the rents, he connected himself with the subject matter of these indictments.

Even the receipt of rent was upholding his tenants in the wrong. *Roswell* v. *Prior*, 2 Salkeld, 460; *People* v. *Flagg*, 46 N. Y. 401; *Lunt's Case*, 6 Greenleaf, 412; *Rich* v. *Flanders*, 39 N. H. 311; United States Digest, 5 volume, 199, sec. 5; *Lord* v. *Chadbourne*, 42 Maine, 441; *Wells* v. *Somerset and Ken. R. R. Co.* 47 Maine, 345; *People* v. *Potter*, 47 N. Y. 378, 379.

The appointment of Simpson put these mills as much in the possession, and under the control of Simpson as of Coe, and he might, with equal propriety, perhaps, have been indicted as

owner, or occupant. This appointment did not create an office. It was not by commission. It was merely an employment and he was correctly set forth in the indictment as employee ; Heard's Criminal Law, 353 ; *Com.* v. *Thompson*, 108 Mass. 461, 463 ; *Rex.* v. *Ellsworth*, 2 East. P. C. 986 ; *Rex.* v. *Fuller*, 1 B. & P. 180 ; *Regina* v. *Harvey*, L. R. 1 C. C. 284.

*A. W. Paine*, for the respondents, cited : *Dwinel* v. *Veazie*, 44 Maine, 176 ; *Earle* v. *Hall*, 2 Met. 353 ; *Wyman* v. *Farrar*, 35 Maine, 64 ; 44 Maine, 176 ; 50 Maine, 479 ; *Parks* v. *Morse*, 52 Maine, 260 ; *Lancy* v. *Clifford*, 54 Maine, 487 ; *Eaton* v. *E. & N. A. R. Co.* 59 Maine, 520 ; *Tibbetts* v. *K. & L. R. R. Co.* 62 Maine, 437 ; *Buttrick* v. *Lowell*, 1 Allen, 172 ; *Walcott* v. *Swampscott*, 1 Allen, 101 ; *Hafford* v. *New Bedford*, 16 Gray, 297 ; *Bigelow* v. *Randolph*, 14 Gray, 541 ; *Perley* v. *Georgetown*, 7 Gray, 464.

LIBBEY, J. These cases are indictments under special act of 1868, c. 448, and they were argued together and depend substantially upon the same legal principles.

The defendant, Coe, is the owner of certain sawmills, at Milford, on the Penobscot river, which he annually rents, separately or in parts, to different tenants. The leases, at the time embraced in the indictments, contained a covenant by the lessees, "that no slabs, edgings or other waste, except saw dust, shall be thrown, or suffered to be thrown into the river ; or placed in such a manner as may be washed or fall into the river ; and not to do any other act such as is prohibited by the statutes of this State in reference to the subject."

The defendant, Simpson, was general agent for said Coe, among other things, to oversee and have the general care of the mills in question, so far as repairs were concerned ; aided in renting them, and looked after the collection of rents ; and he had a general oversight of the tenants to see that they performed the covenants in their leases.

It is admitted that all kinds of waste inhibited by the statute, were thrown into the Penobscot river, as alleged in the indictments, by the persons actually operating the mills ; and the questions to be decided are, whether either or both of the defendants are liable therefor, under the act aforesaid.

Section 3, of the act is as follows : "If the offence, or offences forbidden in the first section of this act shall be committed by any person or persons who may be in the employ of any mill owner or owners, mill occupant or occupants, such owner or owners, occupant or occupants, shall also be liable in the same penalties, recoverable in the same manner as hereinbefore provided."

The court is of opinion that the lessees of the mills and their employees who were actually operating them, cannot be held to have been "in the employ" of the defendant Coe, within the meaning of the act. The lessees were in possession of the mills, had the full control of them, and were operating them on their own account, and not as the servants or employees of Coe. True, he might have entered and terminated the leases for breach of the covenants by the lessees, but that right rendered him in no way responsible for their acts.

Nor can the defendant, Simpson, be held to be the owner or occupant of the mills within the meaning of the act. He was merely the agent of the owner, the lessor of the mills.

In accordance with the stipulation in the report the indictments must be dismissed.

*Indictments dismissed.*

APPLETON, C. J., BARROWS, VIRGIN, PETERS and SYMONDS, JJ., concurred.

*Indictment. Special stat. 1868, c. 448. Shingle sawdust.*